Matthew N. White (CSBN 088336)
LAW AND MEDIATION OFFICES OF MATTHEW N. WHITE
Courthouse Square, Suite 600
1000 Fourth Street
San Rafael, CA 94901-3182
Telephone:    (415) 453-1010
Facsimile:    (415) 456-1921
Email:        matt@mattwhitelaw.com

Attorney for Plaintiff

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone:    (415) 436-7155
    Facsimile:    (415) 436-6927
    Email:        neill.tseng@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHERYL BARBERO,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | No. C 07-6449 EDL<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER<br><br>Date: April 1, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom E, 15th Floor<br>Hon. Elizabeth D. Laporte |

      The parties jointly submit this Case Management Statement and request that the Court adopt it as its Case Management Order in this action.

**1.    Jurisdiction and Service.**

      The basis for the Court's subject matter jurisdiction over Plaintiff's claims is the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

**2.    Facts.**

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
07-06449 EDL                 1

Plaintiff Cheryl Barbero was allegedly injured at the Golden Gate National Cemetery on August 16, 2006, as she walked across a lawn to a sidewalk. She allegedly tripped and fell as she stepped across the curb separating the grass from the sidewalk. Plaintiff alleges that there were no visible warning signs or markings of the drop down from the lawn to the sidewalk and that the drop was steep.

Plaintiff's injuries allegedly include a fractured left wrist bone that required surgery in October 2007, pain and suffering, and other general damages. Plaintiff also alleges lost income and a loss of earning capacity.

**3.    Legal Issues.**

    a.    Whether a dangerous condition of public property existed at the location of Plaintiff's accident.

    b.    Whether the United States had actual or constructive knowledge of the danger at said location.

    c.    Whether the United States had actual or constructive knowledge that injury was a probable, as opposed to a possible, result of the danger.

    d.    Whether the United States negligently created, failed to abate, or warn of said dangerous condition.

    e.    Whether the negligence and/or misconduct of the United States was a substantial factor in bringing about any injury to Plaintiff.

    f.    The existence or allocation of negligence among the parties, and whether any contributory negligence or willful misconduct was a substantial factor in causing any injury to Plaintiff.

    g.    The nature and extent of Plaintiff's damages.

    h.    Whether Plaintiff has failed to mitigate damages.

**4.    Motions.**

Defendant anticipates filing a motion for summary judgment.

**5.    Amendment of Pleadings.**

None anticipated.

**6.     Evidence Preservation.**

Defendant is taking and will continue to take all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit. Defendant is presently aware of no document destruction programs that would apply in this case.

**7.     Disclosures.**

Parties will exchange initial disclosures prior to the case management conference.

**8.     Discovery Taken to Date.**

Discovery has not yet commenced. The parties request no departure from the discovery rules set forth in the Federal Rules of Civil Procedure and Civil Local Rules, including the 25-interrogatory limit under Rule 33 and the 10-deposition limit under Rule 30.

Defendant may require an independent medical examination of Plaintiff to assess her alleged injuries. Defendant may also require experts based on Plaintiff's economic claims, including a vocational rehabilitation and/or economic expert.

The parties anticipate taking discovery on the allegations of negligence, on any contributory negligence by Plaintiff, and on Plaintiff's alleged damages.

**9.     Class Action.**

Not applicable.

**10.    Related Cases.**

There are no related cases.

**11.    Relief.**

Plaintiff seeks hospital, medical, and other health care expenses; damages for lost earnings and lost earnings capacity; general and noneconomic damages of at least $100,000; costs of suit; attorney's fees, interest, and any other remedy available and appropriate.

Defendant seeks dismissal and costs.

**12.    Settlement and ADR.**

The parties have not participated in any settlement discussions, but have agreed to Early Neutral Evaluation to take place by June 10, 2008.

**13.    Consent to Magistrate Judge.**

1     The parties have consented to the assignment of this case to Magistrate Judge Laporte.

2 **14.** **Other References.**

3     None at this time.

4 **15.** **Narrowing of the Issues.**

5     None at this time.

6 **16.** **Expedited Schedule.**

7     The parties do not believe an expedited schedule is appropriate for this case.

8 **17.** **Scheduling.**

9     Proposed fact discovery cutoff: 8/29/08

10     Proposed cutoff for initial expert reports: 7/8/08

11     Proposed expert discovery cutoff: 8/29/08

12     Proposed dispositive motion hearing cutoff: 9/30/08

13     Proposed pretrial conference date: 11/17/08

14     Proposed trial date: 12/8/08

15 **18.** **Trial.**

16     The bench trial is expected to take 3-5 days.

17 **19.** **Disclosure of Non-Party Interested Entities or Persons.**

18     None known by the parties at this time. As a governmental agency, Defendant is exempt

19 from the disclosure requirement of Civil Local Rule 3-16.

20 **20.** **Other matters.**

21     None at this time.

22 //

23 //

24 //

25 //

26 //

27 //

28 //

Respectfully submitted,

Dated: March 19, 2008
           /s/
MATTHEW N. WHITE
Attorney for Plaintiff


JOSEPH P. RUSSONIELLO
United States Attorney

Dated: March 19, 2008
           /s/
NEILL T. TSENG
Assistant United States Attorney
Attorneys for Defendant

### **[PROPOSED] ORDER**

The Case Management Statement and Proposed Order is hereby adopted by this Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

IT IS SO ORDERED.

Dated: _____            _____
ELIZABETH D. LAPORTE
United States Magistrate Judge